UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WOLF GUTS,<br><br>Defendant. | 3:17-CR-30059-RAL<br><br>ORDER FOR DISMISSAL OF WOLF GUTS'S CIVIL CASES IN DISTRICT OF SOUTH DAKOTA |
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:21-CV-03026-RAL |
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>KRUEGGER, WARDEN AT FMC SPRINGFIELD MO; DR TYNER, DOCTOR AT FMC SPRINGFIELD; DR HAMPTON, DOCTOR AT FMC SPRINGFIELD; DR LIGATA, DOCTOR AT USP TUCSON AZ; AND KIRK ALBERTSON, ASSISTANT UNITED STATES ATTORNEY;<br><br>Defendants. | 4:21-CV-04213-RAL |

| | |
|---|---|
| RICHARD WOLF GUTS,<br><br>    Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL,<br><br>    Defendant. | 4:21-CV-04214-RAL |
| RICHARD WOLF GUTS,<br><br>    Plaintiff,<br><br>vs.<br><br>MR. J. KRUEGGER,<br><br>    Defendant. | 4:21-CV-04215-RAL |
| RICHARD WOLF GUTS,<br><br>    Plaintiff,<br><br>vs.<br><br>J. KRUEGGER, THE ATTORNEY GENERAL OF THE STATE OF SPRINGFIELD MISSOURI,<br><br>    Defendants. | 3:21-CV-03028-RAL |

| | |
|---|---|
| RICHARD WOLF GUTS,<br><br>Plaintiff,<br><br>vs.<br><br>USP TUCSON AZ, U.S. ATTORNEY GENERAL, FBOP USDOJ US ATTORNEYS, AT USP TUCSON ARIZONA; AUSA KIRK ALBERTSON, OF PIERRE DISTRICT; FBOP PSYCH DOCTOR, MPM COUNTY CASE MANAGER, USP TUCSON AZ; US ATTORNEY SPRINGFIELD FMC, AT FBOP USDOJ; AND CRIMINAL INVESTIGATORS, SPECIAL AGENTS AT ROSEBUD SOUTH DAKOTA;<br><br>Defendants. | 5:22-CV-05009-RAL |

## I. Background

In April 2017, Richard Wolf Guts was indicted[1] in 17-CR-30059-RAL for Assaulting, Resisting, Opposing, and Impeding a Federal Officer in violation of 18 U.S.C. § 111(a). 17-CR-30059, Doc. 1[2]. The charges resulted from an incident that occurred while Wolf Guts was detained in the Rosebud Sioux Tribe Adult Correctional Facility. Doc. 36 at 4. After spilling water in his

---

[1] Wolf Guts has several other criminal convictions for felony sexual abuse of a minor, assaulting, resisting, opposing and impeding a federal officer, threatening a law enforcement officer, failure to register, (felony) simple assault of a law enforcement officer, intentional damage to property, impersonating to deceive a law enforcement officer. Doc. 36

[2] The document numbers in this order correspond to the case docket numbers referenced in the same or proceeding paragraphs.

3

cell and disobeying instructions from corrections personnel, he was placed in a restraining chair. Doc. 36 at 4. He spit, bit and kicked correctional staff in the process.[3] Doc. 36 at 4.

Wolf Guts was federally arrested on or about April 19, 2017.[4] He pleaded guilty and was sentenced on September 12, 2017, to 27 months in custody followed by two years of supervised release. Doc. 42. Beginning in 2021, Wolf Guts has filed several handwritten letters and other materials seeking relief that are difficult to decipher and understand, prompting the Clerk of Court to open a series of civil cases. See 21-CIV-3026; 21-CIV-4213; 21-CIV-4214; 21-CIV-4215; 21-CIV-3028; 22-CIV-5009. This Court entered on March 29, 2022, an Order on Certain Motions and for Response Regarding Wolf Guts's Civil Commitment and Section 2255 Claims, which was filed in each case. Wolf Guts was given 28 days from that order to pay filing fees and the United States was given 28 days to file a response under seal explaining why Wolf Guts remains in federal custody. On May 2, 2022, Wolf Guts paid filing fees in 4:21-CV-04213 ($292); 4:21-CV-04214 ($5); and 4:21-CV-04215 ($5). No filing fees is required for the § 2255 case of 3:21-CV-03026. No filing fee was received for the § 2254 case of 3:21-CV-03028. The United States filed material under seal regarding a civil commitment of Wolf Guts under an order from the United States District Court for the Western District of Missouri; U.S. v. Wolf Guts, No. 6-19-CV-03168-MDH. Prior to transfer to Bureau of Prisons' Federal Medical Facility in Springfield, Wolf Guts had been incarcerated in Arizona and was indicted for three separate offenses of assaulting law enforcement federal officers in the District of Arizona. U.S. v. Wolf Guts, 4:19-CR-00842-JCH-DTF.

---

[3] During the pretrial proceedings, Wolf Guts continued to exhibit disconcerting and erratic behavior. He was combative and spit on staff, refused to take prescribed medication, broke several sprinklers in his cell resulting in flooding, was restrained and threatened suicide. Doc. 36 at 3-4.
[4] Wolf Guts has remained in custody throughout the proceedings.

4

In his criminal case, <u>United States of America v. Wolf Guts</u>, 17-CR-30059, Wolf Guts moved the Court in September 2021 for relief claiming he was injured by correctional staff. Docs. 50, 51. He claimed to have knowledge of a conspiracy to distribute controlled substances run by Rosebud Sioux Tribe law enforcement. Docs. 50, 51. He also claimed that federal correctional officers in Tucson Arizona, were bringing heroin into the facility. Doc. 50. He referenced to a March 9, 2018, incident where his nose was fractured and his stomach cut twice with a knife. Doc. 51, 52. He wrote about being a member of the Mexican mafia. Doc. 50, 52. He admitted to using alcohol while in custody but claimed to have found faith in Jimmy Swagger Ministries such that he wants to preach to Native people. Doc. 51. He requested damages in the amount of $350,000,000. Doc. 50. None of these claims justify relief from his conviction and sentence in 17-CR-30059. Accordingly, in December, 2021, the Clerk of Court advised that all further docketing and filings regarding his claims in 17-CR-30059 would be docketed in civil case number: 21-CIV-3026.

On December 23, 2021, in <u>Wolf Guts v. United States of America</u>, 21-CIV-3026, Wolf Guts filed a § 2255 motion to vacate, set aside or correct sentence and moved to proceed in forma pauperis. Docs. 1, 2. He claimed that he did not have a proper hearing for civil commitment and is being falsely imprisoned. Docs. 1, 6. He believed himself falsely accused of assault. Doc. 1. He referenced to a March 9, 2018, incident where he was headbutted by case manager Mr. Shied in Tucson, Arizona and claims his nose was fractured. Docs. 1, 6. He alleged a Richard Krueger cut him on the stomach. Doc. 6. He wrote that he has been deemed mentally ill because he divulged information about federal prisons staff selling drugs in correctional facilities. Doc. 6. He requested damages in the amount of $350,000,000 and to proceed in forma pauperis. Docs. 1, 2.

5

On December 6, 2021, <u>Wolf Guts v. Kruegger et al</u>[5], 21-CIV-4213, Wolf Guts submitted a Civil Rights Complaint form. Doc. 1. He did not specify the source of federal jurisdiction (28 U.S.C. § 1343 (a)(3); 42 U.S.C. § 1983; 28 U.S.C. § 1331 <u>Bivens</u>) under which he claimed relief. Doc. 1. He alleged he was assaulted by federal correctional staff and had his nose fractured. Doc. 1. He claimed an officer named Mr. Shied cut him with a knife. Doc. 1. He claimed the correctional staff at the Springfield Medical Center failed to bring him legal material to continue his appeals. Doc. 1. He requested damages in the amount of $350,000,000 and $21,000,000. Doc. 1.

Also, on December 6, 2021, in <u>Wolf Guts v. Attorney General</u>, 21-CIV-4214, Wolf Guts filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2255 and moved to proceed without paying fees. Doc. 1, 2. He claimed he was being committed against his will for testifying about correctional staff distributing drugs in prison facilities. Docs. 1, 6. He mentioned his nose being fractured. Docs. 1, 6. He claimed he was being falsely imprisoned. Docs. 1, 6.

On December 7, 2021, in <u>Wolf Guts v. Kruegger</u>, 21-CIV4215, Wolf Guts filed a habeas petition under 28 U.S.C. §§ 2241 and 2255 and moved to proceed in forma pauperis. Docs. 1, 2. He disputed his continued custody after serving his 27 months sentence. Docs. 1, 5. He claimed his Eighth Amendment right was being violated by a civil commitment. Doc. 1. He referred to incidents on March 9, 2018, and June 12, 2018, where he was cut by correctional staff with a pocket knife. Doc. 1. He claimed continued confinement has caused him to hear voices in his head. Doc. 1. He requested punitive damages. Doc. 1.

---

[5] Wolf Guts named as defendants: Kruegger, Warden at FMC Springfield MO; Dr. Tyner, Doctor at FMC Springfield; Dr. Hampton, Doctor at FMC Springfield; Dr. Ligata, Doctor at USP Tucson AZ; Kirk Albertson, Assistant United States Attorney.

On December 23, 2021, in <u>Wolf Guts v. Kruegger et al</u>[6], 21-CIV-3028, Wolf Guts moved to proceed in forma pauperis to file a § 2254[7] habeas petition claiming he is illegally being held on a civil commitment under 18 U.S.C. § 4246 after a doctor fraudulently claimed he was a danger to the public. Docs. 1, 2. He claimed the real reason he is being detained is because he wanted to testify about Mexican cartels distributing drugs in federal prison facilities. Doc. 1. He mentioned a June 12, 2018 incident where a correctional officer he referred to as Mr. Shied assaulted him. Doc. 1, 5. He argued this constituted excessive use of force. Doc. 5. He requested $350,000,000 in damages. Doc. 1.

On January 6, 2022, in <u>USP Tucson AZ et al</u>[8], 22-CIV-5009, Wolf Guts moved to proceed in forma pauperis with a 28 U.S.C. § 1331 <u>Bivens</u> complaint claiming corrections staff assaulted him at the Tucson, Arizona, federal prison facility. Docs. 1, 2. With his motion for leave to proceed in forma pauperis in this most recent case, Wolf Guts filed a Prisoner Trust Account Report reflecting a current balance of $3,326.31, and an average balance over the prior 30 day period of $3,426.35. Doc. 3. Wolf Guts thus has the financial ability to pay filing fees, which are $5 for § 2241 actions and $402 for <u>Bivens</u> cases. There is no filing fee for a § 2255 case.

As of the date of this order, Wolf Guts continues to be housed at the Springfield Medical Center Federal Prison Facility in Springfield, Missouri. (https://www.bop.gov/inmateloc/ inmate: 13314-073). His release date is listed as unknown. <u>Id.</u>

---

[6] Wolf Guts named as respondents: J. Kruegger and the Attorney General of the State of Springfield Missouri.

[7] Wolf Guts is not a state inmate, so § 2254 does not apply. As a federal inmate, § 2255 is the route for Wolf Guts to seek post-conviction habeas relief. 28 U.S.C. § 2255.

[8] Wolf Guts named as defendants: USP Tucson AZ; US Attorney General; FBOP US DOJ US Attorneys at USP Tucson Arizona; AUSA Kirk Albertson of Pierre District; FBOP Psych Doctor; MPM County Case Manager at USP Tucson AZ; US Attorney Springfield FMC at FBOP USDOJ; Criminal Investigators, Special Agents at Rosebud South Dakota.

## II. Discussion

The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, a federal court has jurisdiction to adjudicate a § 2241 petition as long as two requirements are met: (1) the petitioner is "in custody," and (2) the custody violates "the Constitution or laws or treaties of the United States." See Maleng v. Cook, 490 U.S. 488, 490 (1989); 28 U.S.C. § 2241(c)(3). "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). Wolf Guts is not in custody in South Dakota, so any attack on the execution of his sentence properly is reserved in the U.S. District for the Western District of Missouri. Rather than transfer any case, this Court will dismiss the cases without prejudice as there already is at least one Wolf Guts case open in the Western District of Missouri. See Alpine v. Smith, No. 3:19-CV-03001-RAL, 2019 WL 8499344, at *1 (D.S.D. Feb. 12, 2019) (dismissing § 2241 petition because petition was filed in the wrong district and was incomprehensible); Matheny, 307 F.3d at 711.

Wolf Guts was convicted in the District of South Dakota and thus jurisdiction over a § 2255 motion can exist here if indeed Wolf Guts is detained under a sentence of this Court. 28 U.S.C. § 2255(a). To assist this Court in determining whether to dismiss the § 2255 case of Wolf Guts v. United States, 21-CIV-3026, this Court required the United States to include an explanation behind his civil commitment and addressing claims made in that § 2255 case. The portion of the response of the United States in recounting Wolf Guts's subsequent charges in the District of Arizona, civil commitment is uncontested in the Western District of Missouri. Docs. 18, 20, 21.

8

Based on the settled record on the § 2255 motion, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" in the District of South Dakota. 28 U.S.C.A. § 2255.

There are two basic reasons why this Court must deny Wolf Guts's § 2255 petition. First, for the District of South Dakota to have jurisdiction, Wolf Guts must be detained under a sentence imposed by this Court. Wolf Guts points out that his release date under the sentence this Court imposed would have been May 21, 2019. 21-CV-05028, Doc. 1 at 6. Wolf Guts is not detained due to this Court's sentence but due to his indictment on three assaulting federal officer charges in the District of Arizona and the civil commitment order entered by the Western District of Missouri. Indeed, Wolf Guts is not even asserting that the sentence that this Court imposed was constitutionally defective, but that what happened thereafter in other districts deprived him of his rights. Under § 2255(e), Wolf Guts should be filing any § 2255 motions at this point in those courts, not this one.

Second, Wolf Guts has not met the one-year statute of limitations for filing a § 2255 motion in this Court. 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall ... run from ... the date on which the judgment of conviction becomes final."). This Court entered Judgment of Conviction in Wolf Guts's underlying criminal case on September 12, 2017. 17-CR-30059, Doc. 42. Wolf Guts did not appeal. Wolf Guts's § 2255 motion was filed on December 23, 2021, more than four years after judgment in his case became final and indeed well after the 27-month custody sentence from this Court had run. Although § 2255(f)(4) begins the 1-year period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," this provision is not intended as opening this Court to become a court of appeals

9

or second court to review civil commitment proceedings ongoing in the Western District of Missouri.

Therefore, it is

ORDERED that Wolf Guts's § 2255 petition in 21-CV-3026 is denied and that case is dismissed without prejudice to refiling in the Western District of Missouri. It is further

ORDERED that the remaining civil cases filed by Wolf Guts—21-CV-4213, 21-4214, 21-4215, 21-3028, and 22-CV-5009—are all dismissed without prejudice for an absence of jurisdiction over the claims in the District of South Dakota. Wolf Guts's petitions in 4:21-CV-04213[9] and 3:21-CV-03028[10] are also dismissed for failure to pay filing fees.

DATED this 25th day of May, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

---

[9] Wolf Guts paid $292 in this case, not the $402 required filing fee.
[10] Wolf Guts failed to pay the $5 filing fee for a § 2254 petition.

10